UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TOM COLLINS | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-341RM |
| | ) | Arising out of 3:99-CR-63(1)RM |
| UNITED STATES | ) | |

OPINION AND ORDER

Tom Collins petitions the court under 28 U.S.C. § 2255 to vacate his sentence. For the reasons that follow, the court denies his petition.

Mr. Collins was indicted on 12 counts in December 1999. In March 2000, pursuant to a written plea agreement, Mr. Collins pleaded guilty to charges of possession with intent to distribute marijuana, 21 U.S.C. § 841 (a)(1), possession or use of a firearm during a drug trafficking crime, 18 U.S.C. § 924 (c), and promoting money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(i), (2). As part of the plea agreement, the Government agreed to dismiss the other nine counts against Mr. Collins, promised to make various sentencing recommendations, and agreed not to seek forfeiture of Collins's residence or to seek criminal charges against Mr. Collins's sister relating to Mr. Collins's drug trafficking and money laundering offenses or to bring any further charges against Mr. Collins arising from his disclosures during his Rule 11 proffer.

For his part, Mr. Collins waived his right to appeal and to file any petition under 28 U.S.C. § 2255: "I further expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code 3742. I also agree not to contest my sentence or the manner in which it was

determined in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code § 2255." Given the significance of that waiver, the court engaged in the following discussion with Mr. Collins at the change of plea hearing:

> THE COURT: As I understand it, you are aware that people who are sentenced under the sentencing guidelines ordinarily have the right to appeal the sentence. But as I understand it, as part of the plea agreement, you are giving up the right to appeal the sentence and also giving up the right to file any petition to vacate the sentence later on, what some call a petition for habeas corpus. And that last part is very important, and I want to be sure we're all on the same page about that.
> 
> As I understand it, sir, if, from this point on, I do anything other than sentence you for longer than Congress says you can be sentenced – but as long as I sentence you within the terms of the statute – if I do anything else in this case that you don't think is right, you wouldn't have the ability to complain about that to any other court. Is that how you understand that?
> 
> MR. COLLINS: Yes, sir.
> 
> THE COURT: And if Mr. Grimmer or another Assistant U.S. Attorney were to do anything in prosecuting the case that you didn't think was right, other than enforcing this plea agreement against them, you wouldn't have the right to complain about that to any court. Is that how you understand it?
> 
> MR. COLLINS: Yes, I do, sir.
> 
> THE COURT: And if Miss Bulger, in representing you, were to do something that you didn't think was right, you wouldn't have the right to appeal that – not to appeal, but to complain about that to any other court. Is that how you understand it?
> 
> MR. COLLINS: Yes, I do.

(Tr. of Guilty Plea and Sentencing Proceedings at pp. 13-14).

On September 12, 2000, the court sentenced Mr. Collins to concurrent sentences of 178 months on Counts 8 and 12, with a consecutive 60-month term on Count 11 — a total of 238 months. About a year later, the court reduced his sentence by 30 months on the government's motion.

Mr. Collins appealed the original sentence, and counsel was appointed, but counsel eventually moved to withdraw for want of non-frivolous issues for appeal. *See* Anders v. California, 386 U.S. 738 (1967). The court of appeals agreed with Mr. Collins's counsel and dismissed the appeal on March 12, 2001.

Mr. Collins filed this petition under § 2255 on April 26, 2005, claiming that his sentence was illegal because sentencing enhancements were not included as elements of his indictment. For two reasons, the court denies Mr. Collins's petition without reaching the merits of his claim.

First, Mr. Collins gave up his right to file this petition. As already noted, his written plea agreement contained such a waiver, and Mr. Collins affirmed his intention to waive that right when the court asked him about it at the change of plea hearing. A plea agreement is not only a contract, it is also a stage in a criminal proceeding. United States v. Cook 406 F.3d 485, 487 (7th Cir. 2005). A plea agreement that contains a waiver of the right to file a petition under §2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d at 487; United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002), or when a defendant claims the waiver was involuntary or

3

that counsel was ineffective in negotiating the agreement. Mason v. United States., 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. Unites States, 167 F.3d 1142, 1144-1146 (7th Cir. 1999). Mr. Collins's petition presents none of the sorts of claims as to which a waiver may be disregarded.

Second, even had he not waived the right to file this petition, Mr. Collins's petition comes far too late. A petition under § 2255 must be filed within one year of the date on which the judgment became final. 28 U.S.C. § 2255 ¶ 6. Judgment of conviction was entered in September 2000, the time to seek certiorari in challenging that sentence expired in June 2001, and an amended judgment of conviction was entered on October 4, 2001 after the sentence reduction. Mr. Collins did not file his petition until April 2005, after the expiration of several years.

Mr. Collins may believe that he is asserting a new right. Under some circumstances, the one-year limitations period runs, not from the date of the judgment of conviction, but rather from "the date on which the right asserted initially recognized by the right asserted has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .." Such a belief would be mistaken: the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), does not apply retroactively to cases that came final before its release. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).

Mr. Collins voluntarily gave up his right to file a petition under 28 U.S.C. § 2255, and even if he hadn't done so, the time for filing such a petition expired long ago. For these reasons, the court denies Mr. Collins's § 2255 petition.

SO ORDERED.

ENTERED:   November 30, 2005


/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   T. Collins
      W. Grimmer